# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| | ) Civil Action No. 3:17-CV-777-TSL-LRA |
| v. | ) ) |
| | ) **COMPLAINT** |
| GEORGIA BLUE, LLC | ) **JURY TRIAL DEMAND** |
| | ) |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices based on religion by Georgia Blue, LLC, and to provide appropriate relief to Kaetoya Watkins. As alleged with greater particularity below, Georgia Blue, LLC discriminated against Kaetoya Watkins by failing to reasonably accommodate her religious beliefs and practices, and denying her employment by rescinding its job offer or terminating her because of her religion.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(l) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, ("Title VII"), and is expressly authorized to bring this action by Sections 706 (f)(l) and (3) of Title VII, 42 U.S.C. §§2000e - 5(f)(l) and (3).

4. At all relevant times, Defendant, a Mississippi limited liability company, has been doing business in the State of Mississippi and in the City of Flowood, Mississippi, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty (30) days prior to the institution of this lawsuit, Kaetoya Watkins ("Watkins") filed a Charge of Discrimination with the Commission alleging violations of Title VII by Defendant.

7. On July 14, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On August 30, 2017, the Commission issued a Notice of Failure of Conciliation advising

Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. Since at least October 2015, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000e-2(a)(1).

11. In early October 2015, Watkins applied for a server position for Defendant's Flowood, Mississippi location. On or about October 28, 2015, Defendant interviewed Watkins, offered her a position as a server, and scheduled her to begin work.

12. Upon notice of Defendant's dress code policy requiring all employees to wear blue jean pants, Watkins informed Defendant of her need for a religious accommodation. Specifically, Watkins explained to Defendant's General Manager that her religion prevented her from wearing pants and requested permission to wear a blue jean skirt.

13. Having received no response to her request for a religious accommodation, Watkins reported for her first day of work on November 2, 2015 wearing a blue jean skirt, but was sent home for violation of Defendant's dress code policy.

14. On or about November 3, 2015 Defendant's General Manager left Watkins a voicemail stating that he had spoken with "the owner" and Defendant would "not stray away from" its dress code policy.

15. Watkins did not return to work because she could not wear pants because of her religious convictions.

16. Watkins has a sincerely held, bona fide religious belief that conflicted with an alleged requirement of Defendant.

17. Watkins informed Defendant of her religious belief and religious practices, the conflict with Defendant's alleged employment requirement, and requested a reasonable accommodation.

18. Defendant discharged or refused employment to Watkins because she failed to comply with the conflicting employment requirement.

19. In the alternative, Defendant rescinded its offer of employment to Watkins because she failed to comply with the conflicting employment requirement.

20. Defendant refused to provide Watkins the reasonable accommodation requested or any other accommodation.

21. Defendant's unlawful employment practices complained of in paragraphs ten (10) through twenty (20) were intentional.

22. Defendant's unlawful employment practices complained of in paragraphs ten (10) through twenty (20) were done with malice or with reckless indifference to Watkins' federally protected rights.

23. The effect of Defendant's practices complained of in paragraphs ten (10) through twenty (20) has been to deprive Watkins of equal employment opportunities and otherwise

adversely affect her status as an employee or an applicant for employment because of her religion.

24. The effect of Defendant's practices complained of in paragraphs ten (10) through twenty (20) has caused Watkins to suffer emotional pain and suffering, inconvenience, mental and anguish, loss of enjoyment of life, future pecuniary losses, and other nonpecuniary losses.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in religious discrimination against employees, including failing to accommodate sincerely held religious beliefs, denying employment opportunities, or discharging employees for exercising the practices of their sincerely held religious convictions.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from applying its dress code policies in a manner that fails to accommodate the sincerely held religious beliefs of its employees and applicants, denies employment opportunities, or from discharging or failing to hire employees or applicants for exercising, or attempting to exercise, the practices of their sincerely held religious convictions.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees, and which eradicate the effects of their

past and present unlawful employment practices, including past and present unlawful Title VII discrimination.

D. Order Defendant to make Watkins whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay in lieu thereof.

E. Order Defendant to make Watkins whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraphs ten (10) through twenty (20) above, including, but not limited to, relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

F. Order Defendant to make Watkins whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above in paragraphs ten (10) through twenty (20) above, including compensatory damages, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other non-pecuniary losses in amounts to be determined at trial.

G. Order Defendant to pay Watkins punitive damages for its malicious and reckless conduct described in paragraphs ten (10) through twenty (20) above, in an amount to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                JAMES L. LEE
                Deputy General Counsel

                GWENDOLYN YOUNG REAMS
                Associate General Counsel

                EQUAL EMPLOYMENT OPPORTUNITY
                COMMISSION
                131 M Street, NE
                Washington, DC 20507

                */s/ Marsha Lynn Rucker*
                MARSHA LYNN RUCKER (PA 90041)
                Regional Attorney
                EQUAL EMPLOYMENT OPPORTUNITY
                COMMISSION
                Birmingham District Office
                Ridge Park Place, Suite 2000
                1130 22nd Street South
                Birmingham, Alabama 35205
                Tel.: (205) 212-2046
                Fax: (205) 212-2041
                marsha.rucker@eeoc.gov